■ TPO, INCORPORATED, Appellant, v. FRANK W. CALLAHAN et al., Respondents.— Order, Supreme Court, New York County, entered on March 13, 1973,

appears as page number

unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. Concur — Nunez, J. P., Steuer, Tilzer and Capozzoli, JJ.; Kupferman, J. concurs in the following memorandum: Briefly stated, this case involves allegations by a member of the New York Stock Exchange against former employees who engaged in a rival firm. (See *Jones Co. v. Burke*, 306 N. Y. 172.) The complaint has a substantial *ad damnum* claim and sought an injunction *pendente lite*. The motion for preliminary injunction was denied, and the cross motion for an order staying the action was granted on the ground that the subject matter was within the boundaries of the arbitration provisions of the Constitution of the New York Stock Exchange. While I concur in the determination, it should be pointed out that arbitrators may afford injunctive relief. (*Matter of Ruppert [Egelhofer]*, 3 N Y 2d 576; Eager, Arbitration Contract and Proceedings, pp. 316–321.) Appellant contends there is abnegation by the Exchange on injunctive relief. While that is now a moot point, it warrants explication. The New York Stock Exchange has a duty pursuant to article VIII of its constitution to provide for proper arbitration procedures and for an opportunity for those who must arbitrate controversies pursuant thereto, to have reasonable access to such procedures. We have heretofore, as we do now (*Goldstein v. Schlanger*, 41 A D 2d 827), sustained the New York Stock Exchange's arbitration suzerainty but this power must impose concomitant obligations.